# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No 05 B 51718 |
| | ) | |
| ABYGAIL ARVONNE MORRIGAN | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Eugene R. Wedoff |

## COVER SHEET FOR APPLICATION
## FOR PROFESSIONAL COMPENSATION

Name of Applicant:   Bruce E. de'Medici
Authorized to Provide
Professionals Services to:   David R. Herzog, not individually but as trustee

Date of Order Authorizing Employment:   September 18, 2007

Period for Which
Compensation is Sought:  From September 9, 2007, through September 11, 2008

Law Office of Bruce E. de'Medici
Amount of Fees Sought for Allowance          $7,620
Amount of Fees Sought for Payment            $7,620
Amount of Expense Reimbursement Sought:      -0-


This is an:    Interim Application      Final Application    **X**

Prior applications that these professionals filed, if any:  None

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No 05 B 51718 |
| | ) | |
| ABYGAIL ARVONNE MORRIGAN | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Eugene R. Wedoff |

**APPLICATION OF
TRUSTEE'S COUNSEL FOR COMPENSATION**

Bruce de'Medici (the "Applicant"), as counsel for the trustee of the estate of Abygail Arvonne Morrigan, respectfully submits this final application for the allowance and payment of compensation pursuant to 11 U.S.C. §§330(a) and 503, and state in support as follows:

**I
STATEMENT IN SUPPORT OF APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

A.     BACKGROUND

<u>Jurisdiction and Venue</u>

1.     The district courts have jurisdiction over this case pursuant to section 1334 of title 28 of the United States Code (the "U.S. Code"). Pursuant to section 157(a) of title 28 of the U.S. Code, this case is properly referred to the bankruptcy courts. Pursuant to section 157(b)(1) and sections 157(b)(2)(A) and (O) of title 28 of the U.S. Code, and Internal Operating Procedure 15 of the Internal Operating Procedures of the United States District Court for the Northern District of Illinois, this case is properly referred to the United States Bankruptcy Court for the Northern District of Illinois. When it filed the petition for relief, the Debtor operated in Cook County, so pursuant to section 1408(1) of

2

title 28 of the U.S. Code venue for this case is proper in the Northern District of Illinois, Eastern Division.

Background

2.  Abygail Arvonne Morrigan (the "Debtor") commenced this case on October 13, 2005, by filing a petition for voluntary relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq*. The United States Trustee appointed David R. Herzog to serve as the trustee (the "Trustee").

3.  After reviewing the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs and examining the Debtor at the meeting of creditors, the Trustee determined that prior to filing her petition for relief the Debtor made a transfer to a relative that he could avoid and recover for the estate. The Trustee gathered documents to support the avoidance of that transfer and retained the Applicant to prosecute the avoidance on behalf of the estate. The Applicant did so and ultimately the Trustee and the defendant settled the proceeding, thereby generating the proceeds that the Trustee will use to fund a payment to creditors. The Applicant filed this Application for compensation for its services in connection with the foregoing.

Terms for Employment of the Applicant

4.  The estate employed the Applicant at its hourly rates and pursuant to 11 U.S.C. §330. The Applicant did not seek and the estate did not provide or pay any retainer. The Trustee did not 'promise' any payments to the Applicant outside of advising the Applicant that it would have the right to seek compensation and reimbursement of costs pursuant to 11 U.S.C. §330. The Applicant rendered services to

3

the estate and filed this Application seeking compensation pursuant to 11 U.S.C. §§330 and 503(b).

5.  This is a final application.  The Applicant's request is not subject to any caps or limitations on fees or other charges.  This Court has not previously awarded compensation to the Trustee pursuant to 11 U.S.C. §326, or to the Applicant pursuant to 11 U.S.C. §330(a), or otherwise remitted payment to the Applicant for compensation or costs.

6.  The Applicant's requests include compensation for the following professionals:

PROFESSIONAL/PARAPROFESSIONAL  HOURLY RATE

Bruce de'Medici-Prof.                              $400/425

The Applicant charges bankruptcy clients the same rate for similar services.

B.  CASE STATUS

7.  Financial Status

   a. Cash on deposit:        approx. $14,990
   b. Unencumbered funds in the estate: all funds on deposit are unencumbered
   c. Operating profit/loss:        N/A
   d. Projected closing date: Spring, 2009.

8.  Distribution to Creditors: Through the efforts of the Trustee and the Applicant, the Trustee will remit payment on pre-petition claims.

C.  PROJECT SUMMARY

9.  In representing the Trustee in this case, the Applicant performed legal services on three matters: employment of professionals, liquidation of the interest of the

4

estate in assets, and preparation of this Application. The Applicant included herein detailed time records with this Application that are set forth in chronological order for each category of service.

10. The structure of the Applicant's retention was to be compensated on an hourly basis. The Applicant compiled its time in hourly task-based billing, in increments of tenths of an hour, with sufficient detail and categorization to enable this Court to evaluate the propriety of its request for compensation in comparison to the result that it obtained, *viz*., payment on claims out of funds that are in the estate through the Applicant's representation of the Trustee.

Employment of Professionals

11. The Applicant expended 1.6 hours in performing services under this category, at a value of $640. The Applicant included a copy of the entries for these services within Exhibit "A".

12. The Trustee determined that he could liquidate the interest of the estate in the transfer referenced above for the benefit of the estate. To do so, the Trustee further determined that he required representation from counsel and informed the Applicant he required his services. The Applicant prepared the application for the Trustee to obtain authority to retain counsel and appeared before this Court to support that pleading. The Trustee was required to obtain authority to retain counsel. By providing these services, the Applicant provided a benefit to the estate.

Liquidation of Assets

13. The Applicant expended 15 hours in performing services under this category, at a value of $6,257.50. The Applicant included a copy of the entries for these services within Exhibit "B".

14. As noted above, the Applicant represented the Trustee in analyzing the Trustee's capacity to avoid and recover the transfer to Ms. Puppin and thereafter in documenting the agreement for the resolution of the proceeding that the Applicant prosecuted for that avoidance. The Applicant commenced negotiating with counsel for the defendant almost upon the defendant retaining counsel but the defendant did not "come to the table" until this Court set the proceeding for trial. Only at that point the defendant's counsel produced documents to reflect that the actual transfer was less than the Debtor's records reflected and responded to the Applicant's settlement proposal.

15. The proceeds of that settlement-$15,000-constitute the sole funds for the distribution to creditors. Out of the Applicant's efforts the Trustee's final report reflects generating a dividend on pre-petition claims from funds in the estate. The Applicant provided a necessary and valuable service to the Trustee in its services and is entitled to be paid for them.

Preparation of Fee Application

16. The Applicant expended 1.7 hours in performing services under this category, at a value of $722.50. The Applicant included a copy of the entries for these services within Exhibit "C".

17. The Applicant prepared this Application in accordance with the applicable standards and devoted time in doing so. In preparing the Application, the Applicant

6

complied with the standards which are set forth in the opinions in In re Continental Illinois Securities Litigation, 572 F.Supp. 931 (N.D. Ill. 1983); In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987); In re Wildman, 72 B.R. 700 (Bankr. N.D. Ill. 1987); Local Rule 5082-1; and the guidelines of the Office of the United States Trustee. The Applicant is entitled to be compensated for preparing the Application, in accordance with In re NuCorp Energy, Inc., 764 F.2d 655 (9th Cir. 1985); In re Alberto, 121 B.R. 531 (Bankr. N.D. Ill. 1990); and In re Spanjer Bros., Inc., 203 B.R. 85 (Bankr. N.D. Ill. 1996).

Costs

18. In representing the Trustee, the Applicant has incurred certain costs for photocopying documents and pleadings and postage. The Applicant is entitled to reimbursement for those costs but is not requesting reimbursement.

## II
## STATEMENT PURSUANT TO
## 11 U.S.C. §§ 329 AND 504
## AND BANKRUPTCY RULE 22016

19. Except to the extent that under 11 U.S.C. §504(b)(1) a professional may share compensation within that party's firm, the Applicant has not agreed to share with any person, firm, or entity any award of fees which it may receive for having represented the Trustee in this case. Furthermore, there is no agreement between the Applicant and any other party for sharing compensation that any other person, firm, or entity receives in connection with representing the Trustee in this case.

## III
## REQUEST FOR RELIEF

WHEREFORE, Bruce de'Medici, as counsel for the Trustee, prays that this Court allow compensation and costs as requested herein, authorize the Trustee to remit payment thereon, and grant such further relief as is just.

                    Respectfully Submitted,
                    Bruce de'Medici

                    By: /s/ Bruce de'Medici

Bruce de'Medici      #6184818
Smith Amundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, Illinois 60601-7621
Tel: 312.894.3381
E mail: Bdemedici@slaws.com

8

## SUMMARY SHEET

In re:                                    )      Case No 05 B 51718
                                          )
ABYGAIL ARVONNE MORRIGAN                  )      Chapter 7
    Debtor                                    )
                                          )      Hon. Eugene R. Wedoff

NAME OF APPLICANT:   Bruce E. de'Medici
ROLE IN THE CASE:    Counsel for David R. Herzog, as trustee

<u>Law Office of Bruce E. de'Medici</u>
Amount of Fees Sought for Allowance        $7,620
Amount of Fees Sought for Payment          $7,620
Amount of Expense Reimbursement Sought:    -0-

FEES PREVIOUSLY REQUESTED:                 -0-
FEES PREVIOUSLY AWARDED:                   -0-

EXPENSES PREVIOUSLY REQUESTED:             -0-
EXPENSES PREVIOUSLY AWARDED:               -0-

RETAINER PAID;                             -0-

FEE APPLICATION

| NAMES OF PROFESSIONAL/ PARAPROFESSIONAL | YEAR ADMITTED TO PRACTICE | <u>HOURS BILLED</u> CURRENT APPLICATION | RATE | TOTAL BILLED |
|---|---|---|---|---|
| Bruce de'Medici | 1980 | 18.3 | $400/425 | $7,620 |

9

**Fee Breakdown**

| CATEGORY | HOURS |
|---|---|
| Employ Professionals | 640 |
| Liquidation of Assets | 6,257.50 |
| Fee Application | 722.50 |
| **TOTAL** | **7,620** |

| CATEGORY | FEES |
|---|---|
| Employ Professionals | 1.6 |
| Liquidation of Assets | 15 |
| Fee Application | 1.7 |
| **TOTAL** | **18.3** |